## THE STATE *v.* THE JUDGE OF THE COURT OF PROBATES OF NEW ORLEANS.

The domicil of the tutor is that of the minor. The Court of Probates of the parish in which the minor has his domicil, is the proper tribunal to order a family meeting of the relations or friends, to determine questions affecting the interests of the minor.

APPLICATION for a mandamus to the Judge of the Court of Probates of New Orleans.

BULLARD, J. On the 5th instant an application was made to this court by Thérèse Bénit, widow of Michel Halphen, stating that she is the legitimate tutrix of her grandson, Gabriel Fuselier, appointed by the Court of Probates of the parish of St. Martin; that since the death of said minor's father he has ever resided with her, in the parish of New Orleans, in which she was and is domiciliated; that he has an interest in some real estate of which it would be advantageous for him that a partition should be obtained, and in some other of which a sale would be proper; that she applied to the judge of the Court of Probates of the parish of New Orleans, praying that he might order a family meeting of the relations or friends of said minor, in presence of his under-tutor, to deliberate on the matters in her petition, and also to determine whether it would not be practicable, and at the same time more advantageous for said minor, to sell his undivided part in said property without suing for a partition of the same. The judge of the Court of Probates declined to act on this petition, being of opinion that the family meeting prayed for, ought to be ordered by the Court of Probates of the parish of St. Martin, by which the tutrix was appointed. On an affidavit of these facts, her counsel, under the authority of *The State* v. *Judge Bermudez*, 14 La. 478, obtained a rule on the judge of the Court of Probates, to show cause why a mandamus should not be issued, commanding him to take cognizance of the petitioner's application, and to act thereon. The cause shown being deemed insufficient, the rule was made absolute. On an affidavit that the judge did not forthwith obey the mandate of this court, by ordering the family meeting, but directed a rule to be served on the under-tutor who resides in the parish of St. Martin, commanding him to show cause

why the prayer of the petitioner should not be granted, the counsel has moved us that a writ of mandamus be issued, commanding the judge to order the family meeting as prayed for.

*Bermudez*, Judge of the Court of Probates, showed cause. 1. The court which appointed or confirmed the tutor has exclusive jurisdiction over his acts, until the expiration of his tutorship and final discharge. 2. A family meeting can only be held in the parish in which the deceased parent was domiciliated, and only convoked by the court which appointed or confirmed the tutor.

*Janin*, for the applicant. The question is the same as that presented in the case of *The State* v. *Judge Bermudez*, 14 La. 478, which was decided after repeated arguments and much consideration.

BULLARD, J. It is ordered that a peremptory mandamus be issued, commanding the judge of the Court of Probates for the parish and city of New Orleans, forthwith to order a family meeting to be convoked as prayed for.